IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GIOVANNI F. BARATTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 03865 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| FINANCIAL RECOVERY SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Financial Recovery Services, Inc.'s motion to dismiss (dkt. 13) is granted. See statement.

## STATEMENT

This case arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. Plaintiff Giovanni Baratta claims that Financial Recovery Services, Inc. (FRS) violated the FDCPA when it sent Baratta a debt collection notice. He also claims that FRS violated the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA). 815 ILCS 505/2 *et seq*. FRS now moves to dismiss for a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]

**I.   Background**[2]

The facts are not in dispute. Baratta is a "consumer" and FRS is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(3), (6). Baratta defaulted on his debt incurred on a consumer credit account owed to the original creditor, TD Bank USA, N.A. Following default, the debt was placed with FRS for collection.

On or around March 9, 2018, FRS sent a dunning letter to Baratta. The letter notified Baratta that FRS had been assigned the account and was attempting to collect the balance due of $445.71. (Dkt. 1, Exhibit A). The letter further states,

---

[1] The court's jurisdiction rests on 28 U.S.C. §§ 1331, 1367(a), and 15 U.S.C § 1692k(d). Venue is proper in this district under 28 U.S.C. § 1391(b).

[2] Unless otherwise noted, the following facts are taken from Baratta's complaint and are presumed true for the purpose of resolving the pending motion. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

> The account(s) listed above have been assigned to this agency for collection. As of the date of this letter you owe $445.71.
>
> While your account is with our office, if you pay $445.71, the above-referenced account will be considered paid in full. Please feel free to call us at the toll-free number listed or use our online consumer help desk. FRS now accepts some forms of payment online at www.fin-rec.com. See your online access pin above.

(*Id.*). At the bottom of the letter, FRS included a perforated, detachable section including three preprinted "coupons," which included the balance due, FRS's address, and spaces for the amount enclosed and a phone number. In a bolder, slightly larger font than the body of the letter, this section's header reads: "**Detach Coupon And Mail Payment**." (*Id.*).

Under 15 U.S.C. § 1692g(a), a debt collector must disclose to the consumer certain information, including the amount owed, the name of the creditor, and the consumer's rights to dispute the validity of the debt within thirty days. *Avila* v. *Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). Although Baratta concedes that the letter he received properly explained his validation rights, he contends that the letter "demanded immediate payment." (Dkt. 1 ¶¶ 15–16). Baratta argues that FRS's "demand," along with the detachable portion at the bottom of the letter, violated § 1692g(b) by overshadowing the disclosure of his validation rights. (*Id.* ¶ 18). As a result, Baratta was confused and misled. (*Id.* ¶¶ 19–20).

Because of the letter's overshadowing, Baratta further argues that FRS violated a number of other provisions in the FDCPA, in particular, that the debt collector used "false, deceptive, or misleading representation or means" in violation of § 1692e and used "unfair or unconscionable means" in violation of § 1692f.

**II.     Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011); *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Johnson* v. *City of Shelby*, --- U.S. ---, 135 S. Ct. 346, 346 (2014) (per curiam) ("Federal pleading rules call for a short and plain statement of the claim showing the pleader is entitled to relief; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

**III.     Analysis**

In evaluating a debt collection letter under the FDCPA, courts in the Seventh Circuit apply the objective standard of an "unsophisticated consumer," who is generally "uninformed, naive, or trusting." *Gammon* v. *GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). While this person possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," he does not read collection letters in a "bizarre or idiosyncratic" fashion. *Pettit* v. *Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). Finally, a "significant fraction of the population" must be misled by a collection letter to violate § 1692g(b). *Taylor* v. *Cavalry Inv., L.L.C.*, 365 F.3d 572, 574–75 (7th Cir. 2004).

Baratta first contends that the collection letter overshadowed his validation rights because it somehow "demanded immediate payment." (Dkt. 1 ¶ 16). He relies on a number of Seventh Circuit cases in correctly observing that a demand for payment contradicting the thirty-day dispute period may cause confusion among "unsophisticated consumers." *See, e.g., Bartlett* v. *Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (letter stating the consumer "must" pay or make suitable arrangements for payment within a week); *Chauncey* v. *JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997) (letter stating that debt collector would "pursue other avenues to collect the amount due" unless full payment was made within thirty days); *Avila*, 84 F.3d at 225 (letter threatening legal action unless the consumer "commence[d] immediate repayment").

Unlike the letters in each of the plaintiff's cited cases, however, any demand for payment is utterly absent from FRS's collection letter. The court finds no language in the letter even suggesting that payment is due immediately. If Baratta contends that the urgency resides in the conditional statement, ". . . if you pay $455.71, the above-referenced account will be considered paid in full," the court is unpersuaded.

Baratta also argues that the letter, "taken as a whole," creates an impression of payment being due immediately. (Dkt. 19, at 7.) But the detachable section says nothing of payment being immediately due. Nor does its language contradict the disclosure. In fact, its sole purpose is to allow the debtor to more easily pay his debt. The Ninth Circuit has found that a detachable portion alone does not confuse or overshadow. *Renick* v. *Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057 (9th Cir. 2002) ("The instruction that Renick '[u]se the tear-off portion of this letter . . . to send your payment today' was in the same font as the surrounding text; was not emphasized in any other way; was in the nature of a request rather than a demand; and carried no sense of urgency."). The court is unconvinced that the heading of the detachable section in FRS's letter ("***Detach Coupon And Mail Payment***") is sufficiently emphasized or carried a sense of urgency that would confuse an unsophisticated consumer, leading them to believe payment was due immediately.

Baratta reminds the court of the "very low" pleading standard for FDCPA claims of this nature. *See, e.g.*, *McMillan* v. *Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("[A] district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a 12(b)(6) motion[.]"); *O'Chaney* v. *Shapiro & Kreisman, LLC*, No. 02-C-3866, 2004 WL 635060, at *4 (N.D. Ill. Mar. 29, 2004). Still, district courts in this circuit have dismissed claims of this nature at the motion-to-dismiss stage. *See, e.g.*, *Zemeckis* v. *Global*

*Credit & Collection Corp.*, 679 F.3d 632 (7th Cir. 2012). And the Seventh Circuit has remarked that cases will arise where "no reasonable person, however unsophisticated, could construe the working of the communication in a manner that will violate the statutory provision." *McMillan*, 455 F.3d at 760.

In *Zemeckis*, the debt collector sent the consumer a collection notice that "urge[d]" the plaintiff to "take action now" and suggested that she call the debt collector's office "today." 679 F.3d at 634. The Seventh Circuit, in upholding the district court's dismissal, chalked that language up to mere puffery, which alone is not a violation of Section 1692g(b). "Even the most unsophisticated debtor would realize that debt collectors wish to expedite payment, and urging him to hurry does not confuse or undermine his right to his validation period." *Id.* at 636. Under *Zemeckis*, neither informing a debtor of the creditor's right to sue, nor placing the validation notice on the back of the letter, violates the FDCPA. *Id.*

The letter FRS sent to Baratta is even more benign than that in *Zemeckis*. There is no language suggesting immediacy. There is no puffery—the letter does not even urge Baratta to pay his debt. It only informs him that he may pay it. There is no threat of legal action. And the validation notice is not relegated to the back of the letter. This letter comfortably meets the requirements of § 1692g.

Because the overshadowing determination is dispositive, Baratta's other allegations are no longer viable. *Vasquez* v. *Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 659 (N.D. Ill. 1997) ("[O]ur overshadowing determination is dispositive because the only way in which he claims this language is misleading is that it contradicts and overshadows."). Absent any other showing of deceit, misrepresentation, or unfair or unconscionable means to collect, Baratta's claims under Section 1692e and Section 1692f also fail. The court thus grants FRS's motion to dismiss.

Since no federal claim remains in the case, the court declines to exercise supplemental jurisdiction over Baratta's state law claim. *See* 28 U.S.C. 1367(c); *Szumny* v. *Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1073 (7th Cir. 2001) (recognizing that the decision to retain supplemental state law claims is in the discretion of the district court).

Dated:  October 29, 2018

_____
U.S. District Judge Joan H. Lefkow